THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RANDY GOSSAGE, Defendant-Appellant.

Third District   No. 78-440

Opinion filed January 7, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

John Clerkin, State's Attorney, of Macomb (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant, Randy Gossage, was found guilty of rape, aggravated kidnapping and unlawful restraint and sentenced to two concurrent terms of imprisonment of 14 years each for the offenses of rape and aggravated kidnapping. In his appeal, the defendant raises only the issue of whether the trial court erred in imposing these sentences allegedly as a result of considering erroneous information in the presentence report.

In the presentence report, the record of the defendant's prior convictions included a 1974 conviction for theft and a 1977 conviction for attempt burglary. However, the 1977 conviction was, in fact, only a theft conviction, rather than a conviction for attempt burglary.

The defendant's entire argument concerning the impropriety of the sentences imposed is predicated upon the fact that a co-defendant, the defendant's brother Danny, received concurrent terms of imprisonment of only 10 years because he had no prior criminal record.

For two reasons, the defendant's argument will be rejected. First, the corrected information does not change the fact that the defendant had a prior criminal record and his co-defendant did not. Secondly, while the difference in the sentences is an indication that the trial court considered the defendant's prior record as erroneously reported in the presentence

report, the consideration of the incorrect information was induced by the defendant, who failed to correct the presentence report at the sentencing hearing.

At the sentencing hearing, the defense counsel, after stating that he had conferred with the defendant, informed the trial court that all of the information in the presentence report was correct. Furthermore, during his argument, the defense counsel specifically mentioned the defendant's prior conviction for attempt burglary. No objection was interposed when the prosecutor, in the course of argument, made mention of the attempt burglary conviction.

As a result, the defendant has waived any consideration of this issue for the purposes of review by failing to object to the inaccuracy in the presentence report. (*People v. Burdine* (1978), 57 Ill. App. 3d 677, 373 N.E.2d 694.) Nor do we consider meritorious the defendant's argument that the application of the waiver doctrine subverts the legislative intent to promote greater uniformity in sentencing through the enactment of the new Illinois sentencing act. (Ill. Rev. Stat. 1977 & 1978 Supp., ch. 38, par. 1005—1—1 *et seq.* See *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.) This legislative purpose does not remove from the defendant the responsibility of presenting accurate information to the trial court where the defendant is aware, or reasonably should be aware, that the information presented in the presentence report is erroneous.

In a footnote to his reply brief, the defendant cites *People v. Meeks* (1979), 75 Ill. App. 3d 357, 393 N.E.2d 1190, to support the proposition that the new sentencing act has changed the way reviewing courts address waiver issues. A fair reading of *Meeks* does not support this general statement.

In *Meeks*, the issue of the insufficiency of the presentence report was never raised by the defendant. The court, while remanding for resentencing for the trial court's failure to consider certain mitigating factors, also pointed out that certain areas required by the legislature to be addressed in the presentence report were not so addressed. (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—3—2.) Here, the defendant is not suggesting that the presentence report failed to address one of the required subject areas. Instead, the defendant points out that one item of information within one of those subject areas was inaccurate, an inaccuracy to which the defendant did not object, and which he did not attempt to correct at the trial court level. The instant fact situation is quite different from that presented in *Meeks*.

Accordingly, the judgment of the Circuit Court of McDonough County is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.